## 10188

### KIRKLAND DISTRIBUTING CO. v. SEABOARD AIR LINE RY. *ET AL.*

#### (98 S. E. 843.)

1.  WATERS AND WATER COURSES — SURFACE WATERS — CONTRIBUTORY
    NEGLIGENCE.—Where the owner of a warehouse consented to the con ·
    struction of a certain grade by railroad across a street, and under-
    took to build its warehouse in accordance with it, it cannot recover
    damages from the railroad by reason of flooding of basement of
    warehouse by surface waters due to grade, even though grade was
    not in accordance with a city ordinance.

2.  MUNICIPAL CORPORATIONS — TORT—SURFACE WATERS — CONTRIBUTORY
    NEGLIGENCE.—A city is not liable for the flooding of a basement by
    reason of defects in the grade of a street, unless the injured party
    proves that he was not guilty of contributory negligence.

3. MUNICIPAL CORPORATIONS — TORT—SURFACE WATERS — CONTRIBUTORY NEGLIGENCE.—Where owner of a warehouse consented to construction of a grade across street by a railroad, and undertook to construct its warehouse accordingly, knowing that surface waters would collect by reason of the grade, a city, although negligent in depositing trash in street, which was banked at the defective railroad grade, was not liable by reason of the flooding of the basement of the warehouse, because the negligence of the city and contributory negligence of the owner of the warehouse were inseparable.

Before WHALEY, County Judge, Richland, —— term, ——. Affirmed.

Action by Kirkland Distributing Company against the Seaboard Air Line Railway and the City of Columbia. From a judgment for defendants, plaintiff appeals.

*Messrs. Thomas & Lumpkin,* for appellant, submit: *That the defendants are liable for joint and concurrent negligence in causing the injury complained of. The Seaboard Air Line Railway, defendant, is guilty of negligence in failing to comply with the ordinance of the city of Columbia:* Sec. 536, Revised Ordinances of the city of Columbia. *The city of Columbia is liable for negligence in failing to keep its street reasonably safe for prime street purposes:* Civil Code 1912, sec. 3053. *Case at bar is not affected by the recent decision in Triplett v. City of Columbia:* 111 S. C. 7, 96 S. E. 675. *The necessary feature which must appear in a cause of action under section 3053, Civil Code 1912, is that the damage complained of must have resulted from either an act of omission or commission on the part of the municipality which rendered the street not reasonably safe for prime street purposes—the street in this case was not reasonably safe for prime street purposes:* 77 S. C. 281; 106 S. C. 260.

*Messrs. Lyles & Lyles,* for the Seaboard Air Line Railway, respondent, cite: 109 S. C. 331; 96 S. E. 122.

*Mr. C. S. Monteith,* for the City of Columbia, respondent (no citations).

April 8, 1919.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant thus states its case:

"This Court will recall that a short time ago an action by this plaintiff against the Seaboard Air Line Railway Company was heard on appeal and decided by this Court adversely to the plaintiff. 96 S. E. 122. The city of Columbia was not a party to that action.

"The plaintiff began this action in 1917, and the cause of action alleged in the complaint is based on damage done to the plaintiff's warehouse and property in its basement, as having occurred on account of a rainstorm which fell on the night of June 9, 1917.

"The two actions are entirely different. A nonsuit was granted in favor of both defendants, on the theory that the decision of this Court in the former case settled all questions which arose in the case now before the Court. The wide difference in the two cases is clearly shown by the exceptions of the appellant in the present case.

"The two defendants herein are charged with joint and concurrent negligence in causing the injury complained off; the Seaboard Air Line Railway, defendant, with failing to comply with the ordinances of the city of Columbia, by the terms of which ordinance they were required to grade all streets across which they laid their tracks in conformity with the grade existing prior to the laying of such track, and the testimony in this case shows that they utterly failed to comply with the requirement, and on that account a ditch was formed across Lady street, which was the direct cause of the

damage in question taken in connection with that of the defendant, the city of Columbia, which is charged with unloading a large amount of brickbats and hard lime mortar in Lady street on the northern side thereof, and on the grade above the said track in question, which crosses Lady street; that during the rain in question these brickbats and lime mortar were washed down to the sidetrack, forming a further and higher barrier to the flow of water in the street and turned it with more force and violence out of the street drainage and into this plaintiff's property, and caused the damage.

"The prior case, which was in the Supreme Court and is reported in the Adance Sheets at this time, did not involve any of these questions, either the violation of the ordinance or the negligence and mismanagement of the city of Columbia in filling up a natural drainage way in the street with brick and other debris, to the damage of plaintiff.

"The testimony in this case certainly clearly shows that the sidetrack in question was laid a considerable distance below the level of Lady street. The testimony further shows that this condition has existed for several years, in violation of the terms of the ordinance. The level of the street has never been readjusted in accordance with the level of the track as laid. This formed the ditch or sluice which the witnesses say caused the damage. We call the Court's special attention to the fact that the spur track is entirely different from the sidetrack which is in question in this case. The sidetrack crosses Lady street toward the north.

"We take it that the city of Columbia is responsible for defects and mismanagement in their streets and the filling up of them with material that would clog drains and cause damage; would such an act on its part make it liable under the statute? We think the Court should have submitted

the two cases to the jury for their determination, and its fail ure to do so is the ground for the exceptions herein."

1. Exception 1: "In that his Honor was in error in granting a nonsuit on behalf of the Seaboard Air Line Railway defendant, because the evidence showed that under section 536, Revised Ordinance of the city of Columbia, and the ordinances dated March 11, 1913, under which ordinances the sidetrack in question across Lady street was constructed, the railway company did not construct said track in accordance with the city ordinances above mentioned, and negligently left said street in an improper condition and not properly graded for drainage or for travel. and caused the entire flow of water down Lady street to be turned out of its course and thrown in the plaintiff's warehouse, causing the damage alleged."

The appellant employed an architect to make plans for the construction of its warehouse, who said:

"As reported to him when he first took the matter under consideration, the grade of the sidetrack across Lady street had been fixed by the city engineer, but that subsequently the engineers of the Seaboard Air Line Railway Company reported to him that the city engineer had consented to the lowering of the grade across Lady street by one foot, and that subsequently they could give Mr. Kirkland the benefit of that lowering, and a little better; they could lower the spur track to 13 feet at its northern end immediately adjoining Lady street, instead of the 14 6-10 which they had been standing for. This was done at Mr. Kirkland's request, and he got the benefit of the lower grade. At the time of preparing the plans for the Kirkland building, witness had before him a blueprint of the elevation of the sidetrack across Lady street, and also of the grade of the spur track for the

Kirkland building, and knew that it was a continuous descending grade from Lady street to the spur track in question and then from the spur track in question back to the northern edge of the Kirkland building, and that water would run down grade."

The water entered the warehouse through windows in the basement. During the progress of construction of the warehouse, the plaintiff, at the suggestion of the railroad people, raised the base of these windows about 6 inches. The plaintiff and the defendant railroad knew that surface water was likely to rise along the warehouse and might enter the windows and flood the basement. They knew there was damage and agreed on the means to be used to prevent the consequent damages. As the plaintiff made its case, its damages resulted, not from the presence of the water, but from the volume of water. The plaintiff undertook to fix responsibility on the railroad company by showing that the excess volume of water was caused by the grade of the railroad at Lady street. The plaintiff not only knew what the grade was, but agreed to it and undertook to build its warehouse in accordance with it. The appellant then says the grade was not in accordance with the city ordinance, and, therefore, it was negligence. As it affects this case, it is wholly immaterial whether the grade was a lawful or an unlawful grade. It is manifest that the plaintiff cannot dig a pit, and recover damages from another because he has fallen into it. It is equally manifest that the plaintiff cannot agree that another shall dig a pit, and then recover damages because he has fallen into it. The grade at Lady street was made, in part, at least, for plaintiff's convenience, with its full knowledge and consent, and the plaintiff cannot recover against a railroad. The nonsuit was properly directed in favor of the defendant, railroad. This exception is overruled.

2. The nonsuit in favor of the city must also be sustained. If the flooding of the plaintiff's warehouse was caused by the concurrent negligence of the city of Columbia, in depositing trash in the street which was banked at and caused by the defective grade at the crossing, then the city is not liable, because the statute requires the plaintiff to prove the absence of contributory negligence.

We have seen that the plaintiff and the defendant railroad were jointly responsible for the defective grade, if it was defective, and the plaintiff was guilty of contributory negligence in fixing the grade at the crossing. Here negligence and contributory negligence go hand in hand and are inseparable. Where negligence and contributory negligence are inseparable, a nonsuit must be ordered.

The judgment is affirmed.

Messrs. Justices Hydrick and Gage concur.

Mr. Chief Justice Gary and Mr. Justice Watts did not sit.